## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN S. HEARON** | : | **CIVIL ACTION** |
| **162 Hunting Hills Lane** | : | |
| **Media, PA  19063,** | : | **No.    02 - CV -** |
| Plaintiff, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ASTRAZENECA L.P.** | : | |
| **725 Chesterbrook Boulevard** | : | **JURY TRIAL DEMANDED** |
| **Wayne, PA  19087** | : | |
| and | : | |
| **ZENECA, INC.** | : | |
| **1800 Concord Pike** | : | |
| **Wilmington, DE 19850** | : | |
| Defendants. | : | |

## C O M P L A I N T

1.      Susan S. Hearon's job as Director, Executive Compensation and Benefits was eliminated and her employment was terminated shortly after the merger of ASTRA AB and Zeneca Group PLC in April 1999.  She brings this civil action against the new entity, AstraZeneca L.P., and her prior employer, Zeneca, Inc., to recover damages against them on three separate claims:  in Count I, Ms. Hearon pleads a claim for sex discrimination arising out of defendants' denial to her of enhanced severance benefits that they routinely granted to similarly situated men; in Count II, she pleads a claim of sex discrimination against AstraZeneca L.P. as a result of its refusal to appoint her as its Executive Director, Compensation and Benefits or to provide her with other suitable employment; finally, in Count III, she pleads a claim for breach of contract against both defendants arising out of their refusal to properly calculate and pay her the correct amount of the severance pay she was due under her Change-In-Control contract with Zeneca, Inc.

**Jurisdiction**

2.      Ms. Hearon's sex discrimination claims are brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., *as amended* ("Title VII"), and the corresponding provision of the 1955 Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*., *as amended* ("PHRA").

3.      Subject matter jurisdiction over Ms. Hearon's Title VII claims is conferred on the Court by 42 U.S.C. § 2000e-5(f)(3).  Supplemental jurisdiction over her PHRA claims is conferred on the Court by 28 U.S.C. § 1367(a).

4.      Subject matter jurisdiction over Ms. Hearon's breach of contract claim is conferred on the Court by 28 U.S.C. § 1367(a).


**Parties**

5.      Plaintiff Susan S. Hearon is a resident and citizen of Pennsylvania.  She resides at 162 Hunting Hills Lane, Media, Pennsylvania 19063.

6.      Defendant AstraZeneca L.P. is a limited partnership that maintains a place of business in this judicial district located at 725 Chesterbrook Boulevard, Wayne, Pennsylvania 19087.  It is one of the United States operating entities of AstraZeneca PLC, a global pharmaceuticals company headquartered in the United Kingdom.

7.      Defendant Zeneca, Inc. is a Delaware corporation licensed to conduct business in the Commonwealth of Pennsylvania.  It maintains a place of business located at 1800 Concord Pike, Wilmington, Delaware 19850.  In or about April 1999, Zeneca, Inc. merged its pharmaceutical business with Astra AB to form a new entity, AstraZeneca L.P.

2

**Exhaustion of Administrative Remedies**

8.    On November 5, 1999 Ms. Hearon timely filed a complaint of discrimination against the defendants with the Pennsylvania Human Relations Commission ("PHRC"), Docket No. E93612D, alleging that she was discriminatorily denied severance benefits and also denied the position of Director of Compensation and Benefits for AstraZeneca L.P. (or other suitable employment) on account of her gender, female.

9.    The PHRC cross-filed Ms. Hearon's complaint with the United States Equal Employment Opportunity Commission ("EEOC") which docketed it on November 29, 1999 under Charge No. 17FA00564.

10.    Via correspondence dated January 25, 2002, the PHRC notified Ms. Hearon of her right to file suit against the defendants under the provisions of the PHRA.

11.    Via correspondence dated February 21, 2002, the EEOC notified Ms. Hearon of her right to file suit against the defendants under the provisions of Title VII.

12.    This action has been timely filed in accordance with the suit-filing provisions of both the PHRA and Title VII.


**Statement of Facts**

13.    Ms. Hearon has substantial qualifications and experience in the field of employee compensation and benefits.

14.    By way of background, Ms. Hearon has a Bachelor of Arts Degree in Accounting from the University of Pennsylvania and is a certified Employee Benefits Specialist.

15.     Before becoming employed by defendants, Ms. Hearon was employed for approximately eight years by Thomas Jefferson University as a Benefits Manager and Manager, General Accounting.  Following that, she worked as a consultant for the Johnson Companies and Towers Perrin.

16.     In June 1988, Ms. Hearon became employed as a Senior Business Systems Analyst by a predecessor of defendant Zeneca, Inc., ICI Americas, Inc.

17.     Based on her excellent performance, defendant Zeneca, Inc. promoted Ms. Hearon over the next ten years to a number of increasingly responsible and important positions in its Human Resources Department.  These included:  in March 1989, she was promoted to the position of Manager, Human Resource Information Services; in 1991, she was promoted to the position of Manager, Pension & Savings Plans; and in 1998, she was promoted to the position of Director, Executive Compensation and Benefits.

18.     In each of these positions, Ms. Hearon performed her job in an outstanding manner and received excellent performance evaluations and corresponding increases in her salary.

19.     At the time Ms. Hearon was promoted to the position of Director, Executive Compensation and Benefits in 1998, she was assigned to Salary Grade 40 by defendant Zeneca, Inc.  Her immediate predecessor in that position was Joseph W. Coleburn, III who had been assigned to Salary Grade 41.

20.     There was no valid reason to downgrade the position; the only reason Zeneca, Inc. denied Ms. Hearon Salary Grade 41 status was on account of her gender, female.

4

21.     Very few women have ever held a Salary Grade 40 or above position at Zeneca, Inc.  Moreover, of the few women who have held any of those positions, their salaries fell in the bottom 20% of the salaries paid by Zeneca, Inc. for employees in those groups.  This was due to a glass ceiling that Zeneca, Inc. imposed on its female executives.

22.     In May 1998, Ms. Hearon signed an Executive Change-In-Control contract with Zeneca, Inc.  The contract was provided to a number of key employees and was designed to provide them with designated benefits in the event they lost their jobs as a result of a merger or other event as defined in the contract.

23.     In April 1999, Zeneca Group PLC and Astra AB merged and formed a new entity, AstraZeneca L.P. ("AstraZeneca").

24.     For several months, Ms. Hearon was employed by AstraZeneca.  However, despite her qualifications and experience in employee compensation and benefits, Ms. Hearon was not given any significant role in the merger or consolidation activity between the two companies.  Nor were the two other most senior-level female Human Resources managers on the Zeneca, Inc. side given any significant role during the most critical stages of the merger or consolidation effort.

25.     Via correspondence dated July 29, 1999, Ms. Hearon was informed by William B. McCool, the new Executive Director of Compensation and Benefits for AstraZeneca, that her position had been eliminated and that she was being terminated from employment effective August 31, 1999.

26.     On account of her gender, female, AstraZeneca denied Ms. Hearon equal treatment and consideration for the position of Executive Director of Compensation and Benefits.

5

27.     That position was assigned to Mr. McCool at the end of June 1999.

28.     Ms. Hearon was more qualified than Mr. McCool to be the Executive Director of Compensation and Benefits for AstraZeneca.

29.     On account of her gender, female, AstraZeneca also denied Ms. Hearon other suitable jobs and positions for which she was qualified and experienced to perform.

30.     Ms. Hearon's employment termination by AstraZeneca triggered the provisions of her Change-In-Control contract with Zeneca, Inc.

31.     In breach of her contract, Ms. Hearon did not receive the entire severance payment to which she was entitled under her Change-In-Control contract.

32.     Specifically, Ms. Hearon was due a severance payment from the defendants based upon a calculation of the "actual incentive percentage" she received over the 36 months prior to her termination multiplied by her base salary in effect at the time of her termination.

33.     Defendants refused to pay Ms. Hearon the correct amount of the severance payment due her under the Change-In-Control contract.

34.     Moreover, on account of her gender, female, defendants failed and/or refused to provide Ms. Hearon with <u>enhanced</u> severance benefits and payments that it did provide to similarly situated males who had Change-In-Control contracts with Zeneca, Inc.

35.     Among the aforementioned males who were paid enhanced benefits and payments by the defendants are the following:  Coates Bateman, William Kennedy, Eugene Zaiser and Jack Duncan.

6

36.     In addition, outside the context of executives with Change-In-Control contracts, significant termination payments and benefits were paid to male executives by Zeneca, Inc. but which it failed and/or refused to provide to Ms. Hearon.  These included enhanced pension benefits, severance payments beyond stipulated policy, termination bonuses, payment of car loans, estate planning and tax preparation services, continued medical coverage and Medicare supplemental payments.  These enhanced payments and benefits were provided to, among others, Joseph W. Coleburn, III, Jim Diguglielmo, Robert Kennedy, A. Keith Willard and Barrie Hesp.

37.     Neither Ms. Hearon nor any other female executive was provided with any of these enhanced payments or benefits.

38.     As a direct and proximate result of the defendants' violation of Ms. Hearon's rights under Title VII, the PHRA and her Change-In-Control contract, she has suffered and will continue to suffer a substantial loss of wages, severance pay and other benefits to which she otherwise would have been entitled.

39.     As a further direct and proximate result of the defendants' violation of Ms. Hearon's rights under Title VII and the PHRA, she has suffered physical pain and suffering, emotional distress, humiliation, loss of confidence and self-esteem and loss of enjoyment of life's pleasures.

40.     Defendants' violations of Ms. Hearon's rights under Title VII and the PHRA were knowing, reckless and willful.

## CAUSE OF ACTION

## COUNT I

## PLAINTIFF v. DEFENDANTS ASTRAZENECA L.P. AND ZENECA, INC.

41.    Ms. Hearon incorporates by reference paragraphs 1 through 40 of her Complaint as if they were all set out in full.

42.    By failing and/or refusing to pay Ms. Hearon the enhanced severance payments and benefits that they granted to similarly situated male executives, defendants violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 5(a) of the PHRA, 43 Pa.C.S.A. § 955(a).

## COUNT II

## PLAINTIFF v. DEFENDANT ASTRAZENECA L.P.

43.    Ms. Hearon incorporates by reference paragraphs 1 through 42 of her Complaint as if they were all set out in full.

44.    By denying her employment as Executive Director of Compensation and Benefits or other suitable employment, defendant AstraZeneca violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and Section 5(a) of the PHRA, 43 Pa.C.S.A. § 955(a).

## COUNT III

## PLAINTIFF v. DEFENDANTS ASTRAZENECA L.P. AND ZENECA, INC.

45.    Ms. Hearon incorporates by reference paragraphs 1 through 44 of her

Complaint as if they were all set out in full.

46.    By denying Ms. Hearon the full amount of the severance payment due her,

defendants breached the Change-in-Control contract to which she was a party with Zeneca, Inc.

47.    Under section 2.b(1) of that contract, upon termination of her employment

Ms. Hearon was due a designated multiple of the sums of:

> "(a) The Employee's Base Salary in effect either immediately prior
> to the Termination or immediately prior to the [Change-in-Control
> contract], whichever is higher; and
>
> (b)  The higher of (X) the standard incentive percentage applicable
> to the employee under the Management Incentive Compensation
> Plan in respect of the fiscal year in which Termination occurs
> multiplied by the Employee's Base Salary, or (Y) the actual
> incentive percentage award applicable to the Employee averaged
> over the 36-month period immediately prior to Termination (which
> shall include the standard incentive percentage for the months
> occurring in the year of Termination) multiplied by the Employee's
> Base Salary."

48.    In Ms. Hearon's case, she was due a severance payment based on the

average of the actual incentive percentage award she received over the last three years of her

employment prior to termination multiplied by her base salary at the time of her termination.

49.    In breach of her contractual rights under section 2.b(1), defendants failed

or refused to pay her the full amount of the severance payment she was due.

9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Susan S. Hearon, respectfully requests that the Court enter judgment in her favor and, jointly and severally, against both AstraZeneca L.P. and Zeneca, Inc. and to include in its judgment the following relief:

a.  An award of back pay, front pay and severance payments for the violation of her rights under Title VII and the PHRA;

b.  An award of compensatory damages for the violation of her rights under Title VII and the PHRA;

c.  An award of punitive damages for the violation of her rights under Title VII;

d.  An award of damages to compensate her for the loss of the severance payments due her under her Change-In-Control contract;

e.  An award of reasonable counsel fees and costs; and

f.  Such other legal and equitable relief as may be just and proper under the circumstances.

## JURY DEMAND

Ms. Hearon demands a trial by jury on all the legal claims she has raised in her

Complaint.


Respectfully submitted,

RAYNES, McCARTY, BINDER, ROSS & MUNDY


By:_____

    Harold I. Goodman
    1845 Walnut Street
    20th Floor
    Philadelphia, PA  19103
    (215) 568-6190

    Counsel for Plaintiff Susan S. Hearon

Dated:  May 23, 2002